**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FTI BRANDS LLC,<br><br>         Plaintiff,<br><br>         -v-<br><br>TULIP INNOVATIONS LLC,<br><br>         Defendant. | Case No.<br><br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff FTI BRANDS LLC ("FTI Brands" or "Plaintiff") for its Complaint against Defendant TULIP INNOVATIONS LLC ("Tulip Innovations" or "Defendant") alleges on personal knowledge as to matters relating to itself and on information and belief as to all other matters, as follows:

**NATURE OF CASE**

1.    FTI Brands is the exclusive producer of certain cleaning products, designed for use "on the go" on shoes, purses, golf clubs, and cars.  FTI Brands's leading, patent-protected shoe cleaner is comprised of a melamine foam sponge sold either in individual packets or in a multi-pack or a plurality of sponges, either pre-moistened or requiring the addition of water to activate ("SneakERASERS").  Below is a representative sample of SneakERASERS:

 

2.      FTI Brands has offered the SneakERASERS product for sale in U.S. commerce for nearly a decade and, as a result of its continuous and exclusive use of its trademarks and patented technology, FTI Brands has established a strong brand, reputation, and goodwill in the minds of the consuming public.

3.      Unfortunately, Defendant has unlawfully sought to capitalize on the success of the SneakERASERS product by importing, manufacturing, using, advertising, marketing, promoting, offering for sale, and selling a cleaning sponge for footwear which directly infringes on FTI Brands's intellectual property rights.

4.      FTI Brands therefore brings this action against Defendant for (i) federal patent infringement in violation of 35 U.S.C. § 271; (ii) federal trademark infringement in violation of 15 U.S. Code § 1114; (iii) false association, false designation of origin, and unfair competition in violation of 15 U.S. Code § 1125; (iv) trademark infringement in violation of New York's common law; and (v) unfair competition in violation of New York's common law.

**PARTIES**

5.    FTI Brands is a limited liability company organized and existing under the laws of Ohio with its principal place of business at 4737 Reed Road, Suite 200, Upper Arlington, Ohio 43220.

6.    Defendant is a New York limited liability company with its principal place of business at 40 Wall Street, Suite 1605, New York, New York 10005.

**JURISDICTION AND VENUE**

7.    This action arises under the Patent Laws of the United States, 35 U.S.C. § 271, the Lanham Act 15 U.S.C. § 1051 *et seq.* and supplemental jurisdiction over FTI Brands's state-law claims under 28 U.S.C. § 1367, because those claims are substantially related to FTI Brands's federal claims.

8.    This Court has personal jurisdiction over Defendant in this action at least because Defendant does business in the State of New York, including maintaining and operating its principal place of business in the State of New York and contracting to supply goods or services within the State of New York.  In addition, Defendant has continuous and systematic business contacts within the State of New York, derives substantial revenue from interstate commerce from goods used or services rendered in the State of New York, and commits and has committed acts of patent infringement either within the State of New York, or outside the State of New York with a reasonable expectation that such acts would have consequences within the State of New York.

9.    Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1400(a).

**FACTS COMMON TO ALL COUNTS**

*FTI Brands's Trademarks*

10.    Founded in 2016 by Chris Pavlica and Kevin Consolo, FTI Brands is the exclusive producer of the ERASERS instant cleaning products ("ERASERS Brand").

11.    FTI Brands's first product under the ERASERS Brand was SneakERASERS, which launched in 2016.  SneakERASERS, created by Chris and Kevin, is a first of its kind product that removes scuffs and dirt from sneakers, which they coined as the "only Instant Sneaker Cleaner."

12.    Since its launch in 2016, FTI Brands expanded its offerings under the ERASERS Brand to include: AutoERASERS for cars, GolfERASERS for golf clubs and golf balls, and PurseWIPES for bags and backpacks.

13.    Each of these ERASERS products are comprised of a dual-sided sponge—a smooth side and a textured side—featuring FTI Brands's patented technology.

14.    FTI Brands offers SneakerERASERS for sale through its websites, erasers.com and ftibrands.com/sneakerasers, third-party e-commerce platforms, such as Amazon, and online and brick and mortar stores through major retailers, such as Walmart, Target, and Costco.

15.    FTI Brands created the following "before and after" imagery for consumers to demonstrate the effectiveness of the SneakERASERS product:



(the "BEFORE and AFTER Image").  The BEFORE and AFTER Image is integral and essential to the ERASERS Brand and overall look and feel of the SneakERASERS product, packaging, and branding.  Since the launch of SneakERASERS, FTI Brands has used the BEFORE and AFTER

4

Image in connection with the marketing, advertising, promotion, and sale of the SneakERASERS product.  Representative examples are as follows:

 

16.    Notably, the SneakERASERS product was featured in an episode of *Shark Tank* on May 7, 2021 in which FTI Brands secured an investment deal with Lori Greiner and Alex Rodriguez.  In addition, FTI Brands and SneakERASERS have been featured in prominent and respected media outlets, such as *The Today Show*, *Good Morning America*, and *QVC*, endorsed by celebrities, received thousands of positive reviews, named a #1 Best Seller on Amazon, and has been nominated for awards for the success of the SneakERASERS product.  Examples of media coverage of SneakERASERS's brand are below:











17.    FTI Brands is the owner of the BEFORE AFTER trademark,

, ("BEFORE AFTER Mark") and valid and

subsisting U.S. Trademark Reg. No. 7492396 (the "'396 Registration") for the BEFORE AFTER

Mark in connection with "Cleaning sponges for footwear" in International Class 21, which was

registered on the Principal Register of the USPTO on September 3, 2024.  Attached as Exhibit A

is a true and correct copy of the registration certificate for the '396 Registration.

18.    FTI Brands has used the BEFORE AFTER Mark in commerce throughout the

United States continuously since at least as early as September 4, 2017 in connection with the

manufacturing, distributing, marketing, advertising, promoting, offering for sale, and selling of the

SneakERASERS product.

19.    As a result of its widespread, continuous, and exclusive use of the BEFORE

AFTER Mark to identify its cleaning sponges for footwear, the SneakERASERS product, and FTI

Brands as its source, FTI Brands owns valid and subsisting federal statutory and common law

rights in and to the BEFORE AFTER Mark.

20.    FTI Brands's BEFORE AFTER Mark is distinctive to both the consuming public

and FTI Brands's trade and as such, FTI Brands and its BEFORE AFTER Mark has established

substantial goodwill in the minds of the consuming public.

*The '230 Patent*

21.    To protect its improvement to cleaning devices, FTI Brands sought and obtained

U.S. Patent No. 11,684,230 (the "'230 Patent"), which issued on June 27, 2023 and is titled

"Melamine Foam Sponge Cleaning Devices."   The '230 Patent issued from U.S. Patent

Application No. 17/549,224, which was filed on December 13, 2021.  A copy of the '230 Patent,

attached here to as Exhibit B, was duly and legally issued by the USPTO to Kevin Blaise Consolo, Christopher Michael Pavlica, and Nicholas Kirk Wax as inventor.

22.    FTI Brands is the owner of the '230 Patent by assignment, having received all rights, title, and interest of the '230 Patent on April 11, 2019 from Kevin Blaise Consolo, Christopher Michael Pavlica, and Nicholas Kirk Wax as inventors.

23.    The '230 Patent relates to a "cleaning device for removing marks from a surface includes a body of melamine foam sponge having a front side and a rear side opposed to the front side, and a holding layer secured to the rear side of the body of melamine foam sponge to prevent relative movement therebetween." ('230 Patent at Abstract; 2:8-15).

24.    Reproduced below is Fig. 1 of the '230 Patent depicting a front view of an embodiment of a melamine foam sponge cleaning device.  The illustrated melamine foam sponge cleaning device **10** includes a body of melamine foam sponge **12** having a front side **14** and a rear side **16** opposed to the front side **14**, and a holding layer **18** secured to the rear side **16** of the body of melamine foam sponge **12** to prevent relative movement therebetween.  ('230 Patent at 4:1-6).



FIG. 1

25.    As described in the '230 Patent, the user grasps the melamine foam sponge cleaning device **10**, **100** in a hand and rubs the front face **14** and/or sidewall of the melamine foam sponge cleaning device **10**, **100** onto a surface of the footwear **40** such as the outsole **42** having  any surface marks **46** that are desired to be removed until the surface marks **46** are removed from the footwear. Fig. 17 is a diagrammatic view of the melamine foam sponge cleaning device being used to remove marks from an outsole of footwear.



FIG. 17

26.    FTI Brands actively polices and enforces its intellectual property rights, including through the use of takedown notices, and has succeeded in having various infringing products taken down from e-commerce platforms and retailers including but not limited to Amazon, Walmart, Alibaba, and TikTok.

*Defendant's Accused Product*

27.    Defendant has made, used, distributed, offered for sale, and/or sold and continues to make, use, distribute, offer for sale, and/or sell a sponge cleaning product for footwear and other footwear accessories under the brand name, Kicks & Co. ("Kicks & Co").    Specifically, Defendant's sponge cleaning product is sold under the name Kicks & Co Shoe Premium Cleaning Sponges (the "Accused Product").

28.    Defendant sells the Accused Product the Kicks & Co website, kicksandconyc.com ("Kicks    &    Co    Website")    and    Walmart's    e-commerce    platform ((https://www.walmart.com/ip/Sneaker-Cleaning-Sponges-10PK/16128269105?classType=REGULAR).

29.    The Accused Product and use thereof by Defendant and its customers ("Customers") infringe at least Claims 1, 4, 12-17, and 19-20 of the '230 Patent (the "Asserted Claims").  A description of how the Accused Product infringes an exemplary claim of the '230 Patent is attached hereto as Exhibit C, which is incorporated by reference herein in its entirety.

30.    Defendant provides instructions and guidance to its Customers regarding using the Accused    Product    on    Defendant's    website    on    at    least    the    following    page: https://kicksandconyc.com/products/kicks-co-shoe-premium-cleaning-sponges-dual-textured-10-pack.  Defendant also provides a cleaning sponge instruction video on its website at the following link:  https://kicksandconyc.com/pages/videos.    Defendant    further    provides    online    customer service    via    a    hotline    number    888-887-2609    or    through    a    contact    submission    form    at https://kicksandconyc.com/pages/contact.

31.    On information and belief, when Customers or potential customers contact Defendant through the contact form or phone, Defendant provides instruction and guidance using the Accused Product in a manner that infringes the '230 Patent.

32.    By making and selling the Accused Product, Defendant has unfairly benefitted from FTI Brands's hard-earned patented design innovations.

*Defendant's Knowledge of its Infringement of the '230 Patent*

33.    On September 10, 2025, FTI Brands first informed Defendant via email to Freddie Erani, Founder & Ceo of Defendant, that the Accused Product made, used, sold, and offered for sale by Defendant and distributed through Walmart infringes FTI Brands's patents and intellectual property.

34.    In early October 2025, FTI Brands corresponded with Defendant with the goal of reaching an amicable resolution, however, the parties reached an impasse.

35.    On November 21, 2025, FTI Brands, through its counsel, formally notified Defendant via letter sent by email to Mr. Erani, that the Accused Product made, used, sold, and offered for sale by Defendant infringes the '230 Patent.  On information and belief, Defendant received the November 21, 2025 letter on or around this date.

36.    Therefore, Defendant has been aware of the '230 Patent and the alleged infringement thereof by the Accused Product since at least as early as November 21, 2025.

37.    After becoming aware of the '230 Patent at least as early as November 21, 2025, Defendant has continued to make, use, sell, and offer to sell the Accused Product to Customers, and to induce Customers to use the Accused Product in a manner that infringes the '230 Patent, thereby willfully infringing the '230 Patent.

11

38.    In addition, on October 22, 2025, FTI Brands submitted a patent infringement claim through Walmart's Intellectual Property Claim form (https://brandportal.walmart.com/ipservices) reporting that Defendant's Walmart.com listing (https://www.walmart.com/ip/Sneaker-Cleaning-Sponges-10PK/16128269105?classType=REGULAR) of the Accused Product was infringing upon the '230 Patent.

39.    On October 29, 2025, Walmart accepted FTI Brands's patent infringement claim, but it did not remove the Accused Product from its marketplace platform.

40.    On February 10, 2026, Melissa Jobe, Senior Counsel, Litigation at Walmart informed FTI Brands that "Tulip Innovations, LLC, represented by David Faham, has indemnified and will defend Walmart in this matter and they are the party that Sneaker Erasers needs to work with.   As you can imagine, Walmart offers millions of products through its sales channels and it is always better for all parties if the supplier who makes the product defends any third-party claims.  Because Tulip Innovations, LLC is indemnifying and defending this matter, it is up to them when they remove the product from listing on Walmart's marketplace." *See* Exhibit D.

41.    As of the filing of this Complaint, the Accused Product remains available for purchase on Walmart's marketplace.

*Defendant's Infringing Mark*

42.    Defendant sells the Accused Product in packaging that consists of a rectangular resealable, plastic pouch as shown below.



43.     The packaging also features "before and after" imagery (the "Infringing Mark") which is very similar to FTI Brands's BEFORE AFTER Mark.  Below is a comparison of the BEFORE AFTER Mark and the Infringing Mark.





13

44.     As shown above, Defendant uses a mark that is substantially similar to the federally registered BEFORE AFTER Mark in connection with identical goods.

45.     Defendant's unauthorized uses of the BEFORE AFTER Mark is likely to cause confusion, mistake, and deception as to the source or origin of Defendant's sponge cleaning product, and/or to mislead consumers into believing that Defendant and/or its sponge cleaning product are otherwise affiliated with or sponsored, approved, and/or licensed by FTI Brands and/or its products.

46.     Defendant has knowingly, willfully, and in reckless disregard leveraged and exploited the substantial goodwill and reputation associated with FTI Brands's intellectual property rights.  Through its willful misappropriation of those rights, Defendant obtained a substantial unfair competitive advantage by foregoing and freeriding on FTI Brands's significant investments in time and expense that contributed to its highly prized and commercially successful SneakERASERS product.

47.     As a direct and proximate result of Defendant's willful actions, FTI Brands has been, and will continue to be, irreparably harmed unless Defendant's unlawful conduct is enjoined—particularly because FTI Brands lacks control over the nature and quality of Defendant's copycat products. There is no adequate remedy at law to redress this harm.

48.     Defendant's unlawful acts have also damaged and irreparably injured and, if permitted to continue, will further damage and irreparably injure the public, who has an interest in being free from confusion, mistake, and deception.

49.      Defendant has acted knowingly, willfully, in reckless disregard of FTI Brands's rights and in bad faith, as evidenced in part by Defendant's obvious copying and continued offer and sale of the Accused Product in the face of FTI Brands's repeated objection.

14

## FIRST CAUSE OF ACTION
### PATENT INFRINGEMENT, 35 U.S.C. § 271

50.    FTI Brands re-alleges and incorporates herein by reference the allegations contained in the foregoing paragraphs as though set forth fully herein.

51.    Upon information and belief, Defendant has in the past infringed and continues to infringe the '230 Patent, directly and/or by inducement of infringement and/or by contributory infringement, by making, using, selling and/or offering to sell, in this judicial district, throughout the United States, and elsewhere, the Accused Product, which embodies the Asserted Claims of the '230 Patent.

52.    Pursuant to 35 U.S.C. § 271(a), Defendant is liable for direct infringement of Claims 1, 4, 12-17, and 19-20 of the '230 Patent by having made, used, offered to sell, or sold, and continuing to make, use, sell and/or offer to sell the Accused Product in the United States.

53.    Defendant has been aware of the '230 Patent and the manner of infringing the '230 Patent since on or about November 21, 2025.  Pursuant to 35 U.S.C. § 271(b), Defendant is liable for inducement of infringement by having, and continuing to, knowingly caused or intended to cause the direct infringement of the '230 Patent by Customers and users of the Accused System by encouraging the use and practice of the Accused System. Defendant is liable for inducement of infringement of Claims 1, 4, 12-17, and 19-20 of the '230 Patent by encouraging Customers and other users to use the Accused System in accordance with instructions from Defendant.  *See*, *e.g.*, Paragraphs 29-30 above.

54.    Defendant has been aware of the '230 Patent and the manner of infringing the '230 Patent since at least as early as November 21, 2025.  Pursuant to 35 U.S.C. § 271(c), Defendant is liable for contributory infringement of the '230 Patent by having sold or offered to sell and continuing to sell or offer to sell the Accused Product, and the components thereof, that comprise

a material component of the invention embodied in the '230 Patent, that are especially made or adapted for use in infringing the '230 Patent, and that are not suitable for any substantial non-infringing use having knowledge that the '230 Patent was being directly infringed by Customers and users. Defendant is therefore liable for contributory infringement of the '230 Patent.

55.    Upon information and belief, at least since learning of the '230 Patent and the basis for infringement on or about November 21, 2025, Defendant's infringement of the '230 Patent was willful, deliberate, and intentional by continuing its acts of infringement with knowledge of the '230 Patent and thus having acted in reckless disregard of FTI Brands's patent rights. *See*, *e.g.*, Paragraphs 32-38 above.

56.    On information and belief, Defendant took no steps to avoid infringement after learning of its infringement on or about November 21, 2025, thereby willfully and knowingly infringing, directly and indirectly, the '230 Patent.

57.    Therefore, in view of the actions set forth in Paragraphs 32-38, Defendant's infringement is willful, deliberate, and intentional by continuing its acts of infringement with knowledge of the '230 Patent and thus acting in reckless disregard of FTI Brands's patent rights since on or about November 21, 2025.

58.    As a result of Defendant's acts of infringement of the '230 Patent, FTI Brands has suffered injury to its business and property in an amount to be determined as damages.

**SECOND CAUSE OF ACTION**
**TRADEMARK INFRINGEMENT, 15 U.S.C. § 1114**

59.    FTI Brands re-alleges and incorporates herein by reference the allegations contained in the foregoing paragraphs as though set forth fully herein.

60.    Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's

16

sponge cleaning product, and is likely to cause consumers to believe, contrary to fact, that Defendant's sponge cleaning product is sold, authorized, endorsed, or sponsored by FTI Brands, or that Defendant is in some way affiliated with or sponsored by FTI Brands.  Defendant's conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

61.    Upon information and belief, Defendant has committed the foregoing acts of infringement with full knowledge of FTI Brands's prior rights in the BEFORE AFTER Mark and with the willful intent to cause confusion and trade on FTI Brands's goodwill.

62.    Defendant's conduct is causing immediate and irreparable harm and injury to FTI Brands, and to its goodwill and reputation, and will continue to both damage FTI Brands and confuse the public unless enjoined by this court.  FTI Brands has no adequate remedy at law.

63.    FTI Brands is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**THIRD CAUSE OF ACTION**
**FALSE DESIGNATION OF ORIGIN and UNFAIR COMPETITION, 15 U.S.C. § 1125**

64.    FTI Brands re-alleges and incorporates herein by reference the allegations contained in the foregoing paragraphs as though set forth fully herein.

65.    Defendant's promotion, marketing, offering for sale, and sale in interstate commerce of the Accused Product, which utilizes the BEFORE AFTER Mark wholesale, has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with FTI Brands or the origin, sponsorship, endorsement, or approval of the Accused Product by FTI Brands.

17

66.    Defendant's use of the Infringing Mark in connection with the Accused Product without FTI Brands's consent constitutes a false designation of origin or a false representation of fact that wrongfully and falsely designates the Accused Product as originating from or connected with FTI Brands, in violation of 15 U.S.C. §1125(a).

67.    Defendant carried out the aforementioned infringing acts knowingly and willfully, with intent to trade upon FTI Brands's reputation and goodwill, to FTI Brands's detriment, in order to mislead, deceive, or confuse customers as to the origin of the Accused Product.

68.    As a result of Defendant's unlawful and deliberate conduct as set forth above, FTI Brands has been and will continue to be damaged.

69.    Defendant's actions described above have caused and will continue to cause irreparable damage to FTI Brands, for which FTI Brands has no remedy at law.  Unless this Court restrains Defendant from continuing its infringement of the BEFORE AFTER Mark, these injuries will continue to occur in the future.  FTI Brands is accordingly entitled to injunctive relief restraining Defendant from further infringement.

## FOURTH CAUSE OF ACTION
## TRADEMARK INFRINGEMENT UNDER NEW YORK COMMON LAW

70.    FTI Brands re-alleges and incorporates herein by reference the allegations contained in the foregoing paragraphs as though set forth fully herein.

71.    Since first offering its sponge cleaning product, FTI Brands has owned all right, title, and interest in and to its BEFORE AFTER Mark, including common law rights.

72.    Without FTI Brands's authorization, Defendant misappropriated FTI Brands's BEFORE AFTER Mark for use in connection with the Accused Product.

73.    Defendant's use of the BEFORE AFTER Mark will erroneously convey that Defendant's sponge cleaning product is authorized by or otherwise affiliated with FTI Brands.

18

74. Defendant's acts therefore constitute trademark infringement under New York common law.

75. Defendant's foregoing activities have irreparably damaged FTI Brands and have further caused FTI Brands monetary damages in an amount as yet unknown. Defendant's wrongful acts have caused and will continue to cause FTI Brands to suffer irreparable harm for which it has no adequate remedy at law, if not enjoined.

## FIFTH CAUSE OF ACTION
## UNFAIR COMPETITION UNDER NEW YORK COMMON LAW

76. FTI Brand re-alleges and incorporates herein by reference the allegations contained in the foregoing paragraphs as though set forth fully herein.

77. The actions of Defendant as alleged above were done deliberately and intentionally.

78. The actions of Defendant as alleged above created the likelihood of confusion by misleading the public as to the source, sponsorship, association, or affiliation of its sponge cleaning products, in violation of the common law of unfair competition of the State of New York.

79. The actions of Defendant as alleged above constitute misappropriation of the goodwill of FTI Brands, and unfair competition, in violation of the common law of unfair competition of the State of New York.

80. The actions of Defendant as alleged above were committed with the intention of passing off or palming off its sponge cleaning products as if such products originated from FTI Brands, with the intent to deceive and defraud the public, in violation of the common law of unfair competition of the State of New York.

81. Defendant's foregoing activities have irreparably damaged FTI Brands and have further caused FTI Brands monetary damages in an amount as yet unknown. Defendant's wrongful

acts have caused and will continue to cause FTI Brands to suffer irreparable harm for which it has no adequate remedy at law, if not enjoined.

**PRAYER FOF RELIEF**

WHEREFORE, FTI Brands seeks relief from the Court as follows:

A.    An Order finding that Defendant has infringed and is infringing, has induced and is inducing, has contributed and is contributing to the infringement of the '230 Patent under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*;

B.    An Order finding that Defendant has violated Section 32 of the Lanham Act (15 U.S.C. § 1114) and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a));

C.    An Order finding that Defendant has violated common law trademark infringement and common law unfair competition under laws of the State of New York;

D.    A preliminary and permanent injunction enjoining Defendant, its officers, agents, servants, employees, affiliates, and attorneys, and all those in active concert or participation with them to:

  i.    cease from further infringing, inducing infringement, and contributing to the infringement of the '230 Patent;

  ii.   cease all use and never use the BEFORE AFTER Mark or any other mark likely to cause confusion with the BEFORE AFTER Mark, in connection with the promotion, advertising, offering for sale, or sale, of any products;

  iii.  never use any false designation of origin, false representation, or any false or misleading description of fact, that can, or is likely to, lead the consuming public or individual members thereof, to believe that any products offered, promoted, marketed, advertised, provided, or sold by Defendant are in any

20

manner associated or connected with FTI Brands, or are licensed, approved, or authorized in any way by FTI Brands;

iv.   never represent, suggest in any fashion to any third party, or perform any act that may give rise to the belief, that Defendant, or any of its products, are related to, authorized, or sponsored by FTI Brands;

v.   never unfairly compete with FTI Brands in any manner whatsoever, or engage in any unfair, fraudulent, or deceptive business practices that relate in any way to the production, distribution, marketing, and/or sale of products bearing the BEFORE AFTER Mark or a confusingly similar mark; and

vi.   never apply for or seek to register any mark that is likely to cause confusion with the BEFORE AFTER Mark, including any misspelling or variations of those marks.

E.   An Order, pursuant to 15 U.S.C. § 1118, directing Defendant to deliver up and destroy all Accused Products, instruction manuals, and marketing materials;

F.   An order awarding damages as follows:

i.   An award of damages adequate to compensate FTI Brands for the infringement of the '230 Patent by Defendant and its Customers and users;

ii.   Defendant's continued infringement of the '230 Patent was and is willful, justifying a trebling of the award of damages under 35 U.S.C. § 284, or such other enhancement of the award of damages that the Court deems appropriate;

iii.   Pursuant to 15 U.S.C. § 1117(a), FTI Brands's actual damages, as well as all of Defendant's profits or gains of any kind from its acts of trademark infringement,

false designation of origin, and unfair competition, including a trebling of those damages; and

iv. Punitive damages pursuant to New York common law;

G. An award of pre-judgment and post-judgment interest on the damages caused by reason of Defendant's infringement of the '230 Patent and the BEFORE AFTER Mark;

H. An Order that this an exceptional case and that FTI Brands be granted its reasonable attorneys' fees and expenses in accordance with 35 U.S.C. § 285 and 15 U.S.C. § 1117(a);

I. An Order pursuant to 35 U.S.C. § 285 and 15 U.S.C. § 1117(a) awarding FTI Brands all of its costs, disbursements, and expenses incurred to Defendant's unlawful conduct; and

J. An order awarding FTI Brands such other and further relief as the Court may deem just and proper.

Dated:        March 20, 2026                    Respectfully submitted,


                                               */s/ Danielle C. Zolot*

                                               Danielle C. Zolot
                                               Madison Marino
                                               **ESCA Legal LLC**
                                               1117 Sixth Avenue, Fifth Floor
                                               New York, NY 10036
                                               Tel.: (347) 745-2535
                                               danielle@esca.legal

                                               Robert P. Feinland
                                               **MEISTER SEELIG & FEIN PLLC**
                                               125 Park Avenue, 7th Floor
                                               New York, NY 10017
                                               Tel.: (212) 655-3500
                                               Facsimile: (212) 655-3536
                                               rf@msf-law.com

                                               *Attorneys for Plaintiff FTI Brands LLC*

23

## <u>DEMAND FOR A JURY TRIAL</u>

FTI Brands demands a jury trial for all issues so triable.

Dated: March 20, 2026                    */s/ Danielle C. Zolot*

Danielle C. Zolot
Madison Marino
**ESCA Legal LLC**
1117 Sixth Avenue, Fifth Floor
New York, NY 10036
Tel.: (347) 745-2535
danielle@esca.legal

Robert P. Feinland
**MEISTER SEELIG & FEIN PLLC**
125 Park Avenue, 7th Floor
New York, NY 10017
Tel.: (212) 655-3500
Facsimile: (212) 655-3536
rf@msf-law.com

*Attorneys for Plaintiff FTI Brands LLC*